JUDGE STEIN

07 CIV 8154

MARK K. SCHONFELD (MS-2798)
REGIONAL DIRECTOR

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, N.Y. 10281-1022
Telephone No.: (212) 336-1020
Fax No.: (212) 336-1322

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,                    :
                                                        :
                                    Plaintiff,          :
                                                        :
                        -against-                       :
                                                        :
SWISS RE FINANCIAL PRODUCTS                             :
CORPORATION,                                            :
                                                        :
                                    Defendant.          :
---------------------------------------------------------------------X

RECEIVED
SEP 1 8 2007
U.S.D.C. S.D. N.Y.
CASHIERS

07 Civ. ___ (  )

COMPLAINT

Plaintiff Securities and Exchange Commission, for its Complaint against Swiss Re

Financial Products Corporation ("SRFP" or "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1.      Over a period of approximately eighteen months, from mid-2003 until early 2005,

on thirteen occasions, SRFP violated Rule 105 of Regulation M of the Securities Exchange Act

of 1934 ("Exchange Act"), 17 U.S.C. § 242.105. On each occasion, in connection with a follow-

on offering, SRFP sold securities short within five business days before the pricing of the

offering, and covered the short sale, in whole or in part, with shares purchased in the offering.

SRFP profited on all but one of the thirteen transactions, realizing total profits of $380,517 on

the profitable transactions. The Commission brings this action to obtain a civil monetary penalty, pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d).

## JURISDICTION

2.      The Commission brings this action pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d) and this Court has subject matter jurisdiction over this action pursuant to Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa.

3.      The Defendant, directly and indirectly, has used the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged herein.

## THE DEFENDANT

4.      SRFP is a Delaware corporation with its principal place of business in New York, New York.  It is a wholly-owned subsidiary of Swiss Re America Holding Corporation, which is wholly owned by Swiss Reinsurance Company, a Swiss corporation.  SRFP engages in, among other things, proprietary trading.

## FACTS

5.      From June 2003 until February 2005, in connection with thirteen public offerings, SRFP sold securities short within five business days before the pricing of the offering, and covered the short sale, in whole or in part, with shares purchased in the offering.  SRFP profited on all but one of the thirteen transactions, realizing total profits of $380,517 on the profitable transactions.  As a result, SRFP violated Rule 105 of Regulation M of the Exchange Act.

2

## THE VIOLATIVE CONDUCT

### Legal Framework

6.    Rule 105 of Regulation M, "Short Selling in Connection with a Public Offering," prohibits covering a short sale with securities obtained in a public offering if the short sale occurred within the shorter of the period five business days before pricing and ending with pricing, or the period beginning with the initial filing of the registration statement or notification on Form 1-A and ending with pricing.  In pertinent part, Rule 105 provides:

> In connection with an offering of securities for cash pursuant to a registration statement . . . filed under the Securities Act, it shall be unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering, if such short sale occurred during the . . . period beginning five business days before the pricing of the offered securities and ending with such pricing.

17 C.F.R. § 242.105.  "The goal of Rule 105 is to promote offering prices that are based upon open market prices determined by supply and demand rather than artificial forces."  Final Rule: Short Sales, Exchange Act Release No. 50103, 2004 WL 1697019, at *19 (July 28, 2004).

### SRFP's Trades

7.    From June 2003 until February 2005, in connection with thirteen public offerings, SRFP engaged in short sales and covering transactions prohibited by Rule 105 in securities of eleven issuers:  Nextel Partners, Inc.; Montpelier Re Holdings Ltd.; Chicago Mercantile Exchange Holdings, Inc.; Monster Worldwide, Inc.; Estee Lauder Companies, Inc.; WellChoice, Inc.; AU Optronics Corp.; Bucyrus International, Inc.; Wesco International, Inc.; Owens-Illinois, Inc. (two transactions); and Taiwan Semiconductor Manufacturing Co. Ltd. (two transactions).

3

SRFP incurred a loss on one of the transactions and realized profits totaling $380,517 on the other twelve.

8.    The transactions were effected by several traders located in New York and London. Those traders were part of a group of traders that is no longer associated with SRFP or its affiliates.

9.    Most of the transactions followed the same general pattern. SRFP sold securities short either the day of, or the day before, the follow-on offering. In each instance, the short sale occurred before the offering was priced. The firm covered all or part of the short position with shares it was allocated in the offering. On two occasions, the number of shares the firm received in the offering was exactly the same as the number of shares it had sold short. On four occasions, SRFP's offering allocation was insufficient to cover the entire short position, and the firm purchased additional shares on the open market to cover the remainder of its short position on the day of the offering or the following day. In the remaining instances, SRFP received more shares in the offering than it needed to cover the short position, and generally sold the excess shares the day of the offering or the following day.

10.    The firm's transactions in shares of Nextel Partners are illustrative. On November 13, 2003, SRFP sold short 150,000 shares of Nextel Partners at $11.329 per share, obtaining proceeds of $1,699,350. Later that day, Nextel Partners priced an offering of its securities at $10.80. SRFP received an allocation of 400,000 shares in the offering, for which it paid a total of $4,320,000. Of those 400,000 shares, the firm used 150,000 (at a cost of $1,620,000) to cover the short sale, resulting in a profit of $79,350 on the transaction. The next

4

day, November 14, 2003, SRFP sold the remaining 250,000 shares it had purchased in the offering, eliminating its position in Nextel Partners.

11.    During the relevant period, SRFP did not have procedures in place designed to prevent or detect Rule 105 violations and provided no training to the traders concerning Rule 105.

## CLAIM FOR RELIEF

### Rule 105 of Regulation M of the Securities Exchange Act, 17 C.F.R. § 242.105

12.    The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 11.

13.    As a result of the conduct described above, SRFP violated Rule 105 of Regulation M of the Exchange Act of 1934, 17 C.F.R. § 242.105 in that it covered a short sale with offered securities purchased from an underwriter or broker or dealer participating in a public offering, and such short sale occurred during the period beginning five business days before the pricing of the offered securities and ending with such pricing, as described above.

5

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests a Final Judgment ordering SRFP

to pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act,

15 U.S.C. § 77t(d); and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).


Dated:  New York, New York
       September  *17* , 2007

                                        Mark K. Schonfeld (MS-2798)
                                        Regional Director
                                        Attorney for Plaintiff
                                        SECURITIES AND EXCHANGE COMMISSION
                                        New York Regional Office
                                        3 World Financial Center, Room 400
                                        New York, N.Y.  10281-1022
                                        (212) 336-1020


*Of Counsel:*
       Andrew M. Calamari
       Leslie Kazon
       Steven Rawlings
       Dina Levy