UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SWISS RE FINANCIAL PRODUCTS
CORPORATION,

    Defendant.

---

07 Civ. 8154 (SHS)

**FINAL JUDGMENT BY
CONSENT**

Plaintiff Securities and Exchange Commission (the "Commission"), having filed a Complaint, and Defendant Swiss Re Financial Products Corporation ("Defendant"), having executed the Consent of Swiss Re Financial Products Corporation ("Consent") which is annexed hereto; having entered a general appearance; having consented to the Court's jurisdiction over Defendant and the subject matter of this action; having consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); having waived findings of fact and conclusions of law; and having waived any right to appeal from this Final Judgment:

I.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $95,000 pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed

to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Swiss Re Financial Products Corporation as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Andrew M. Calamari, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, New York 10281. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Once the Defendant has paid these funds pursuant to this Judgment, Defendant shall have no further obligation, liability or responsibility with respect to these funds.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 9/27, 2007

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SWISS RE FINANCIAL PRODUCTS CORPORATION,<br><br>Defendant. | 07 Civ. ____ (_____)<br><br>**CONSENT OF DEFENDANT SWISS RE FINANCIAL PRODUCTS CORPORATION TO FINAL JUDGMENT** |

1.  Defendant Swiss Re Financial Products Corporation. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, orders Defendant to pay a civil penalty in the amount of $95,000 under Section 21(d)(3) of the Securities Exchange Act of 1934.

3.  Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement from the United States, or any agency or any official of the United States acting in his or her official capacity, of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

SWISS RE FINANCIAL PRODUCTS CORP.

By: _____
John Powers
Managing Director

On September 6, 2007, John Powers, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Swiss Re Financial Products as its Managing Director.

_Jeanne Marie Conley_
Notary Public
Commission expires: November 21, 2009

JEANNE MARIE CONLEY
Notary Public, State of New York
No.01CO6137394
Qualified in New York County
Commission Expires November 21, 2009

Approved as to form:

_Barry W. Rashkover/MES_
Barry W. Rashkover, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5850
Attorney for Defendant

4